IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM DECKARD, SR. | : | |
| Plaintiff, | : | |
| v. | : | |
| WORLDPAY, *et al.*, | : | C.A. No. 2:17-cv-05182-JD |
| Defendants. | : | |

**DEFENDANT WORLDPAY'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Worldpay ("Worldpay"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion to Dismiss (the "Motion") Plaintiff's Second Amended Complaint (the "2d Am. Compl." or "Second Amended Complaint"). In support thereof, Worldpay avers as follows:

**PRELIMINARY STATEMENT**

Plaintiff has chosen the wrong forum to bring his claim against Worldpay. The Customer Processing Agreement and corresponding Terms and Conditions entered into between the parties provide that the courts of Atlanta and Fulton County, Georgia are the exclusive jurisdiction for all disputes. Accordingly, the Second Amended Complaint should be dismissed as to Worldpay for improper venue.

Moreover, Plaintiff's one and only claim against Worldpay reflected at Count IV of the Second Amended Complaint for breach of "fiduciary duty of exercising ordinary care" also is deficient as a matter of law. Plaintiff's lawsuit alleges his now-deceased sister, the appointed executrix of their mother's estate, stole funds belonging to the estate using Worldpay's credit card processing services. Plaintiff's claim is unjustified and fails as a matter of law because Plaintiff

12343871 v3

and Worldpay do not have a fiduciary relationship—they are merely commercial parties to an industry standard arms-length contract.

In any event, notwithstanding the foregoing, Plaintiff's claim is barred by the applicable statute of limitation for breach of fiduciary duty claims. For all of the foregoing reasons, the Second Amended Complaint as to Worldpay must be dismissed as a matter of law.

## FACTUAL BACKGROUND

Plaintiff William Deckard, Sr. ("Deckard" or "Plaintiff") alleges that in 1976, he bought a Pennsylvania Liquor Control Board Distributorship License, and registered it in the name of his mother. 2d Am. Compl. ¶ 37. Subsequently, Plaintiff operated a business called "Beer Hut," in silent partnership with his mother until her death in 2012. 2d Am. Compl. ¶¶ 38-41. Beer Hut maintained several business accounts at Citizens Bank ("Citizens"). 2d Am. Compl. ¶ 42. After Plaintiff's mother became incapacitated, Plaintiff alleges that he became aware that the Beer Hut PA Lottery Citizen account was overdrawn. 2d Am. Compl. ¶ 45. Plaintiff, purportedly performing his first ever banking visit on behalf of his business despite being in operation for nearly forty (40) years, deposited $3,500 in the PA Lottery account and opened up two new Citizen accounts with a new EIN in the name of "*The* Beer Hut" on December 10, 2012 and December 13, 2012. 2d Am. Compl. ¶¶ 47-48 (emphasis added). After opening the new Citizen accounts, Plaintiff alleges that he contacted Worldpay to redirect deposits from the pre-existing Beer Hut accounts to the new accounts at Citizens associated with The Beer Hut. 2d Am. Compl. ¶ 50.

On December 15, 2012, shortly after the foregoing accounts were opened, Plaintiff alleges that his mother passed away. 2d Am. Compl. ¶ 51. Plaintiff claims that he is a residual beneficiary of the Estate of Gloria Deckard (the "Estate"). 2d Am. Compl. ¶ 52. The Second Amended Complaint alleges that Plaintiff's sister, Kathleen Emory, was named Executrix of the Estate and that she used this position to usurp the Estate's assets for herself. 2d Am. Compl. ¶¶ 52, 70-71. Plaintiff further

2

alleges that although his mother died in 2012, the Estate is still in probate. 2d Am. Compl. ¶¶ 51, 74, 103. Plaintiff is named as a fifty-percent (50%) beneficiary of the estate of his late mother, and Defendant Kathleen Emory is named as executrix. 2d Am. Compl. ¶¶ 52.

Seeking to embroil Worldpay in this dispute over his late mother's estate, Plaintiff goes on to allege that Worldpay ignored numerous telephone and email warnings in the spring and summer of 2013 that Kathleen Emory and her husband Steven Emory (the "Emorys") were: (a) unlawfully using the "Beer Hut" EIN in administering the Citizen accounts for the Estate and Beer Hut; and (b) violating a 2013 order of the Pennsylvania Orphans' Court to account for all funds involving Beer Hut. 2d Am. Compl. ¶ 116. Plaintiff alleges Worldpay transacted with the Emorys knowing they were unlawfully using his mother's Beer Hut EIN and not an EIN affiliated with the Estate pursuant to unspecified federal regulations. *Id.* Plaintiff also alleges Worldpay transacted with the Emorys while they used Plaintiff's EIN, without his knowledge. *Id.* Based upon the foregoing scant allegations, Plaintiff brings a claim reflected at Count IV of the Second Amended Complaint against Worldpay alleging that Worldpay failed to exercise an ordinary duty of care by failing to heed Plaintiff's warnings about the Emorys which further enabled them to misappropriate Beer Hut monies. 2d Am. Compl. ¶¶ 114-117.

## ARGUMENT[1]

The Second Amended Complaint must be dismissed as to Worldpay because this Court is an improper venue to adjudicate claims between Plaintiff and Worldpay, as stated in that certain Customer Processing Agreement (the "Agreement") between the parties.[2] Moreover, Plaintiff's claim against

---

[1] The Second Amended Complaint makes numerous references to a DVD that appears to contain at least 25 exhibits. 2d Am. Compl. ¶¶ 49, 58-59, 126. However, only three exhibits appear on the Court's docket. Counsel for Worldpay requested a complete copy of all exhibits multiple times, but as of the filing of this Motion, Plaintiff's counsel was unable to provide the exhibits. Worldpay reserves its right to supplement and/or amend its Motion once it receives the exhibits.

[2] The Court shoulder consider the attached Customer Processing Agreement and corresponding Terms and Conditions (the "Terms") without converting Worldpay's Motion into one for summary judgment because: (i) Plaintiff's counsel has not provided a complete copy of all exhibits referenced in the Complaint despite multiple requests as of this filing; (ii) Plaintiff's claim against Worldpay originates out of the merchant-customer relationship that was effectuated by

3

Worldpay is deficient as a matter of law. Worldpay, as credit card processor, owes no fiduciary duty to the Plaintiff. The parties are merely commercial entities engaged in a standard arms-length contract between merchant and service provider. Even if a duty existed (which it does not), Plaintiff's claim is barred by the applicable statute of limitations. For all of the foregoing reasons, Plaintiff's Second Amended Complaint as to Worldpay must be dismissed.

I.   STANDARD OF REVIEW.

The claim asserted against Worldpay in the Second Amended Complaint must be dismissed. In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts which "'raise a right to relief above the speculative level.'" *West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). The court must "accept all the factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp.*, 643 F.3d 77, 84 (3d Cir. 2011) (alteration in original). Even accepting all of Plaintiff's allegations as true against Worldpay, Plaintiff does not raise a right to relief.

II.   THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER VENUE.

Venue is improper in this Court pursuant to the plain language of the Agreement and incorporated Terms.[3] A true and correct copy of the Agreement is attached as **Exhibit A** and a true

---

that certain Agreement and certain Terms. "A district court may consider a 'document integral to or explicitly relied upon in the complaint.'" *De Lage Landen Fin. Servs. v. Rasa Floors, LP*, NO. 08-00533, 2009 U.S. Dist. LEXIS 19994, at *5 n.2 (E.D. Pa. Mar. 5, 2009) (citations omitted); *see also Pension Ben. Guar. Corp. v. White Consol. Indus, Inc.*, 998 F.2d 1192, 1195 (3d Cir. 1993) (holding that a court may consider an undisputedly authentic document that a defendant attaches to a motion to dismiss if the plaintiff's claims are based on the document). Plaintiff's claim for breach of fiduciary duty of ordinary care arose out of the parties' Agreement and it should be evaluated for purposes of this Motion.

[3] The Terms are explicitly incorporated on page 3 of the Agreement, which states, in bold and all caps, "By signing below, I [William Deckard] agree to the Worldpay U.S., Inc. Terms and Conditions for Customer Processing Agreement (the "CPA Terms") . . .". Numerous courts have determined that a non-negotiated forum selection clause in a form contract is enforceable. *Myers v. Jani-King of Phila., Inc.*, No. 09-1738, 2012 U.S. Dist. LEXIS 172782, at *8 (E.D. Pa. Dec. 5, 2012) (citations omitted).

and correct copy of the Terms are attached as **Exhibit B**.  On October 13, 2012, Plaintiff signed the Agreement and agreed that:

> This Agreement shall be governed and construed in accordance with the laws of the State of Georgia without giving effect to any choice or conflict of law provision or rule (whether of the State of Georgia or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Georgia.  In connection with any dispute relating to this Agreement, Customer and all individuals executing this Agreement in any capacity hereby consent to the exclusive jurisdiction of, and venue in, the courts in Atlanta, Georgia or Fulton County, Georgia.

Exhibit B ¶ 11.3.

Having agreed to bring an action related to Worldpay exclusively in Georgia, Plaintiff cannot now avoid the Agreement's mandatory forum selection clause and bring his claim in this Court.[4]  *See, e.g.*, *In re Howmedica Osteonics Corp.*, 867 F.3d 390 (3d Cir. 2017) (holding that where contracting parties have specified the exclusive forum in which they will litigate, federal courts must honor the forum selection, except in the most unusual cases); *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 186 (3d Cir. 2017) (stating that if a contract contains a mandatory forum selection clause, then the court enforces the forum selection clause absent extraordinary circumstances).  Georgia is the appropriate, and only, forum in which to resolve Plaintiff's claim against Worldpay.

In light of the mandatory forum selection clause, this Court is required only to consider the availability of an adequate alternative forum for the plaintiff's claim and evaluate public interest factors that could favor litigation in this Court over Georgia courts.  *See Collins*, 874 F.3d at 186-187.  Plaintiff has a "heavy burden" to escape the application of the forum selection clause.  *Id.*  Here, Plaintiff cannot carry his burden because Georgia courts would provide an adequate forum for his claim and no public interest factors heavily weigh in favor of having plaintiff's claim heard in this Court.  *See, e.g.*, *Collins*,

---

[4] Worldpay joins in the arguments raised by Citizens Bank that this Court should decline to exercise jurisdiction over Plaintiff's claims because the probate matter in the Orphans' Court remains pending and is the appropriate forum for this dispute.

5

874 F.3d at 187 (dismissing plaintiff's claims on *forum non conveniens* grounds because she could not overcome the heavy burden contesting the forum selection clause); *Olde Homestead Golf Club v. Elec. Transaction Sys. Corp.*, 714 F. App'x 186, 190 (3d Cir. 2017) (affirming district court's dismissal of plaintiff's complaint on *forum non conveniens* grounds because the forum selection clause mandated lawsuits to be brought in Virginia against the credit card processor); *Wolfe v. TBG Ltd.*, No. 13-3315, 2014 U.S. Dist. LEXIS 11039, at *8 (E.D. Pa. Jan. 28, 2014) (granting defendant's motion to dismiss and holding that plaintiff's claims were subject to the mandatory forum selection clause and had to be brought in England); *Friday & Cox, LLC v. FindLaw*, No. 18-532, 2018 U.S. Dist. LEXIS 138655, at *12 (W.D. Pa. Aug. 16, 2018) ("forum-selection clauses should be enforced as a matter of public policy 'when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation'") (citation omitted)).

Georgia is the only appropriate forum for Plaintiff to bring his claim against Worldpay. Plaintiff freely agreed that Georgia was the exclusive forum for his claims against Worldpay. Accordingly, the Court should dismiss the Second Amended Complaint as to Worldpay.

### III.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST WORLDPAY.

This Court must dismiss a complaint that fails to state a claim upon which relief can be granted. Plaintiff's claim for breach of fiduciary fails as a matter of law and must be dismissed. Credit card processors, like Worldpay, do not owe fiduciary duties to merchants, like Plaintiff, who employ their services. Even if Worldpay owed a fiduciary duty to Plaintiff (which it does not) Plaintiff's claim is barred by the applicable statute of limitations because he waited well over two years to assert his claim.

#### A.   Worldpay Did Not Owe Plaintiff a Fiduciary Duty.

Plaintiff's claim for breach of fiduciary duty fails because Worldpay, in its role as a service provider of credit card processing, did not owe Plaintiff a fiduciary duty. "In order to state a claim for breach of fiduciary duty, a plaintiff must show, first, that a fiduciary relationship existed between the parties." *Health Robotics, LLC v. Bennett*, No. 09-cv-0627, 2009 U.S. Dist. LEXIS 119945, at *7

(E.D. Pa. Dec. 22, 2009) (citing *Basile v. H & R Block, Inc.*, 761 A.2d 1115, 1119-1122 (Pa. 2000) (finding that no fiduciary relationship existed, and, therefore, the plaintiff could not maintain an action for breach of fiduciary duty)).  A fiduciary relationship exists when there is a special relationship involving confidentiality, special trust, or fiduciary responsibilities.  *See Grimm v. Wash. Mut. Bank*, No. 02-0828, 2008 U.S. Dist. LEXIS 55628, at *14 (W.D. Pa. July 22, 2008).  There was no special or confidential relationship between Plaintiff and Worldpay.

In fact, black letter law provides that there is no fiduciary relationship between a credit card processor like Worldpay and the merchants who use their services.  *See, e.g.*, *Grimm*, 2008 U.S. Dist. LEXIS 55628, at *14 (dismissing plaintiff's breach of fiduciary claim because the parties entered into a commercial, arms-length contract and "this is not sufficient to create a fiduciary relationship"); *Bus. Payment. Sys., LLC v. BA Merch. Servs., LLC,* 2007 U.S. Dist. LEXIS 55149, at *13 (W.D.K.Y. July 25, 2007) (dismissing plaintiff's breach of fiduciary duty claim against defendant credit card processor because there was no fiduciary relationship); *Taylor Bldg. Mgmt., Inc. v. Glob. Payments Direct, Inc.*, 866 N.Y.S.2d 96, 96 (Sup. Ct. 2008) (dismissing breach of fiduciary duty claim against credit card processor because there was no fiduciary duty relationship).  The existence of the Agreement between the Parties is not sufficient to create a fiduciary relationship.  Thus, Plaintiff's claim for breach of fiduciary duty of ordinary care fails as a matter of law and should be dismissed.

      **B.**      **Plaintiff's Claim for Breach of Fiduciary Duty is Barred by the Applicable Statute of Limitations.**

Plaintiff's claim for breach of fiduciary duty of ordinary care against Worldpay is time-barred. If the allegations contained in the Complaint "show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim."  *Cain v. Dep't of Pub. Welfare, Office of Sec'y Reconsideration Unit*, 442 F. App'x 638 (3d Cir. 2011).  In Pennsylvania, breach of fiduciary duty claims are subject to a two-year statute of limitations.  42 Pa. Cons. Stat. §

5524(7); *Weis-Buy Servs., Inc. v. Paglia,* 411 F.3d 415, 422 (3d Cir. 2005); *Fisher v. Case Corp.*, No. 91-2436, 1991 WL 149842, at *1 (E.D. Pa. July 31, 1991).

Plaintiff's claim is time-barred because he waited well over two years after he allegedly warned Worldpay about the Emorys' alleged misconduct and usurpation of the Estate's funds. 2d. Am. Compl. ¶¶ 114-117. Plaintiff claims that he warned Worldpay repeatedly in 2013 about the dubious actions of the Emorys. *Id*. at 116. However, Plaintiff did not file a claim against Worldpay until January 29, 2019, over five years after he purportedly complained to Worldpay about the alleged misconduct of the Emorys. Accordingly, Plaintiff's claim against Worldpay is barred by the applicable statute of limitations and should be dismissed.

  **C.** **Plaintiff Made his Sister an Authorized Signer of The Beer Hut Accounts.**

To the extent that Plaintiff alleges that Worldpay breached a duty of care to him by allowing his sister to access funds in The Beer Hut Accounts, his negligence claim fails as a matter of law. Plaintiff admittedly gave his sister access to both The Beer Hut accounts by making her a signatory on the accounts. 2d. Am. Compl. ¶ 49. Further, Plaintiff admits that Worldpay *appropriately* redirected deposits to The Beer Hut accounts after they were created. *Id.* at 50 (emphasis added). He does not allege any facts that indicate that Worldpay acted negligently in connection with these accounts in any manner. Thus, Plaintiff's claim for breach of fiduciary duty of ordinary should be dismissed.

## JOINDER

In the interest of judicial economy and the orderly administration of this case, Worldpay hereby seeks to join Citizen's Memorandum of Law in Support of its Motion to Dismiss (D.I. 27-1) with respect to Argument, Section I - The Probate Exception Bars Deckard's Claims.

## CONCLUSION

For the foregoing reasons, Worldpay respectfully requests that this Court dismiss Plaintiff's Second Amended Complaint as to Worldpay.

Dated:  May 23, 2019

*/s/ Jennifer R. Hoover*
Jennifer R. Hoover, Esq. (#87910)
John C. Gentile, Esq. (#322159)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
1650 Market St., 36th Floor
Philadelphia, PA 19103
Telephone: (302)-442-7010
jhoover@beneschlaw.com
jgentile@beneschlaw.com

*Counsel for Worldpay*
