IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM DECKARD, SR.**<br><br>                **Plaintiff**<br><br>v.<br><br>**ESTATE OF KATHLEEN EMORY,<br>STEVEN EMORY EXECUTOR,** *et al.*<br><br>                **Defendants.** | **Civil Action No. 2:17-cv-05182** |

### THE ACLAIM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff admits in his opposition to the Aclaim Defendants' Motion to Dismiss (the "Opposition") that Plaintiff's sole claim against the Aclaim Defendants in the Second Amended Complaint for breach of fiduciary duty is time-barred. In an attempt to avoid the statute of limitations, Plaintiff now claims, *for the first time*, that his claims against the Aclaim Defendants are actually for mail and wire fraud based on Aclaim Defendants' "malfeasance, nonfeasance and fraud[.]" See Opposition, p. 2.

Plaintiff's inclusion of extensive facts and new theories of liability not pled and/or raised by Plaintiff in his most recent pleading must be rejected, as Plaintiff cannot remedy his defective pleading by way of opposition to a motion to dismiss. Notwithstanding, even if this Court could consider these newly raised facts and theories, they are insufficient to survive a motion to dismiss. In particular, Plaintiff's new claims for mail and wire fraud still fail as a matter of law because Plaintiff lacks standing to bring these claims and Plaintiff fails to plead facts with sufficient specificity to support these new theories of liability. In fact, Plaintiff fails to identify any

fraudulent conduct committed by the Aclaim Defendants. As such, Plaintiff's attempt to amend his pleadings by way of Opposition to the Aclaim Defendants' Motion to Dismiss should be denied and the Aclaim Defendants should be dismissed from this matter.

## LEGAL ARGUMENT

**A.     Plaintiff's Opposition Improperly Asserts Facts and Theories Not Pled in Plaintiff's Second Amended Complaint.**

Plaintiff's Second Amended Complaint only avers a single count against the Aclaim Defendants for breach of fiduciary duty. As set forth in Aclaim Defendants' Motion to Dismiss, such claim is time-barred. In his Opposition, Plaintiff does not (and cannot) argue that his breach of fiduciary duty claim is timely. Rather, in an attempt to avoid the statute of limitations, Plaintiff shifts his position and argues that he is actually asserting claims for mail fraud and wire fraud, which are governed by a five (5) year statute of limitations. See Opposition, pp. 12-15. In support, Plaintiff includes extensive facts and theories of liability not pled and/or raised by Plaintiff in his Second Amended Complaint. See Opposition, pp. 2-10. Plaintiff's inclusion of these new facts and theories is improper. See Hughes v. UPS, 639 Fed. Appx. 99, 104 (3d Cir. 2016) (quoting Penn ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1998) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")); McArdle v. Tronetti, 961 F.2d 1083, 1089 (3d Cir. 1992) ("[D]efects in [a] complaint clearly [can] not be remedied by [an] affidavit."). Accordingly, this Court cannot consider the newly raised facts and allegations asserted in Plaintiff's Opposition when considering Aclaim Defendants' Motion to Dismiss. See id.

### B.   Plaintiff Should Not Be Permitted to Amend His Pleading for a Third Time Because Any Such Amendment Would be Futile.

Plaintiff should not be given leave to amend his pleading *a third time* since the newly raised facts and theories of liability still fail as to the Aclaim Defendants.  See Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008) ("if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile") (internal citations omitted).

#### 1.   Plaintiff Lacks Standing.

As set forth above, Plaintiff's new theory of liability as to the Aclaim Defendants is based on Aclaim Defendants' purported "malfeasance, nonfeasance and fraud" in the handling of the insurance claim and/or the purported "filing of a fraudulent insurance claim." See Opposition, p. 2. Plaintiff appears to further assert that these purported actions constitute mail fraud (18 U.S.C. §1341) and wire fraud (18 U.S.C. §1343). See id. at p. 14. However, Plaintiff has no standing to assert such claims against the Aclaim Defendants.

In order to have standing, Plaintiff must have an interest in the property at issue that was injured as a result of the purported fraud (i.e., the insurance proceeds). See Cooper v. Broadspire Servs., Inc., 2005 U.S. Dist. LEXIS 14752, *33-36 (E.D. Pa. July 20, 2005). However, Plaintiff does not (and cannot) claim that he is named on the insurance policy or that he retained the Aclaim Defendants. Further, absent Plaintiff's conclusory statement that the appointment of Kathleen Emory as Executrix of Gloria Deckard's estate was invalid (see Opposition, p. 10), Plaintiff submits no evidence or court ruling that Gloria Deckard's daughter, Kathleen Emory, was not the duly appointed Executrix of Gloria Deckard's estate upon Gloria Deckard's death.  As such, Plaintiff had no rights or interest in the proceeds of the insurance policy. See Commercial Union Assurance Co. v. Pucci, 523 F. Supp. 1310, 1315-1317 (W.D. Pa. 1981) (holding that only the

3

individuals named on the insurance policy, not other co-owners of the property, had rights in the proceeds of the insurance policy on the property); Guardo v. Buzzuro, 193 A.3d 1117, *9 (Pa. Super. 2018) ("Pennsylvania law is well-settled that a party's right to recover under an insurance policy is determined by the terms of the policy and not ownership of the underlying insured asset."). Further, Plaintiff's assertion that the purported fraudulent conduct diminished his benefits as a residual beneficiary to his mother estate is insufficient to support standing. See e.g., Cooper, 2005 U.S. Dist. LEXIS 14752, *34 (indirect injuries remotely caused by violations are insufficient to support standing); Cont'l Cas. Co. v. Slonchka, 2005 U.S. Dist. LEXIS 32260, *24 (W.D. Pa. Aug. 18, 2005) ("a RICO plaintiff who complains of harm flowing directly from the misfortunes visited upon a third person by the defendant's acts may not recover") (internal citations omitted). Accordingly, Plaintiff lacks standing to assert claims for mail or wire fraud.

    **2.**    **Plaintiff Admittedly Lacks Sufficient Facts to Support Claims for Mail and Wire Fraud against Aclaim Defendants.**

The newly asserted allegations asserted in Plaintiff's Opposition, even if proven, cannot support a claim for mail and wire fraud. As with the allegations asserted in Plaintiff's Second Amended Complaint, the allegations asserted in Plaintiff's Opposition are generalized legal conclusions with no facts. Specifically, Plaintiff summarily states that "Aclaim unlawfully used mail, telephones and the Internet to exchange multiple items of information relating to the insurance settlement of the fraudulently under-estimated, under-submitted and under-funded claim[.]" See Opposition, p. 14. Plaintiff necessarily admits that he does not have sufficient facts to support his claims for mail and wire fraud, as he concedes that only through discovery will he be able to sufficiently support these claims. See id. However, claims for mail and wire fraud must be asserted with the requisite specificity, including details of each mailing, call or internet use, which Plaintiff, by his own admissions, cannot do. See State Farm Mut. Auto. Ins. Co. v. Ficchi,

4

2011 U.S. Dist. LEXIS 64027, *11-30 (E.D. Pa. June 10, 2011); Cooper, 2005 U.S. Dist. LEXIS 14752, *11-26.

Specifically, Plaintiff's Opposition fails to identify any use of mail or wire by Aclaim Defendants apart from the letter advising of settlement. Further, Plaintiff also fails to identify any fraudulent activity, purported misrepresentations, omissions or false statements on the part of the Aclaim Defendants. See Ficchi, 2011 U.S. Dist. LEXIS 64027, *14-27 (E.D. Pa. June 10, 2011) (to support a claim for mail or wire fraud, a plaintiff must set forth facts to establish a misrepresentation or false statement); Giles v. Volvo Trucks N. Am., 551 F. Supp. 2d 359, 366-368 (M.D. Pa. 2008) (a complaint for mail or wire fraud must set forth, with specificity, the circumstances of the purported fraud); Alcman Services Corp. v. Joseph A. Cairone, Inc., 1992 U.S. Dist. LEXIS 3089, *12-13 (E.D. Pa. March 12, 1992) (when claims for mail and wire fraud "are found to be insufficiently alleged, the deficiency is predicted on not giving sufficient indication of what acts constitute fraud") (internal citations omitted); In re Jamuna Real Estate, LLC, 416 B.R. 412, 424-425 (E.D. Bankr. Pa. 2009) (holding that plaintiff's amended complaint failed to plead mail fraud with the required specificity because "the Court finds nothing which it can reasonably infer to be false or misleading about the contents of the letter in question"); Bloch v. State Farm Ins. Cos., 1991 U.S. Dist. LEXIS 14234, *11 (E.D. Pa. October 2, 1991) ("a blanket allegation of mail fraud is insufficient to sustain a claim"). As a result, Plaintiff's attempt to assert mail and wire fraud claims against the Aclaim Defendants is futile.

Simply put, the facts asserted in Plaintiff's Opposition, only amount to, *at the very most and if proven*, a claim for negligence based on the Aclaim Defendants settling an insurance claim for a figure less than it should have been.[1] However, as set forth above and in the Aclaim

---

[1] For example, Plaintiff argues that the Aclaim Defendants failed to obtain any estimates for remedial work. See Opposition, pp. 3-4, 6-7, 11. This fact, even if proven true, does not support a claim for mail or wire fraud.

4842-0671-3501

Defendants' Motion to Dismiss, the Aclaim Defendants do not owe Plaintiff any duty, Plaintiff has no standing to assert such claim against Aclaim Defendants, and such common law claim is barred by the statute of limitations.

In sum, for all the foregoing reasons, and those set forth in Aclaim Defendants' Motion to Dismiss, the Aclaim Defendants respectfully request that this Court dismiss Plaintiff's Second Amended Complaint as to the Aclaim Defendants with prejudice.

    Respectfully submitted,

    */s/ Matthew A. Green*
    Matthew A. Green, Esquire (#91592)
    Matthew.Green@Obermayer.com
    Samantha J. Koopman, Esquire (#318467)
    Samantha.Koopman@Obermayer.com
    Obermayer Rebmann Maxwell & Hippel LLP
    Centre Square West
    1500 Market Street, Suite 3400
    Philadelphia, PA 19102
    (215) 665-3286
    *Attorney for Defendants Aclaim Adjustment Agency, Inc. and George Pagano*

Dated:  July 24, 2019

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM DECKARD, SR.**<br><br>     **Plaintiff**<br><br>v.<br><br>**ESTATE OF KATHLEEN EMORY,**<br>**STEVEN EMORY EXECUTOR,** *et al.*<br><br>     **Defendants.** | **Civil Action No. 2:17-cv-05182** |

## CERTIFICATE OF SERVICE

  I, Matthew A. Green, hereby certify that on July 24, 2019, a true and correct copy of the foregoing *Motion to Dismiss Second Amended Complaint* was served upon all counsel of record via ECF.

                */s/ Matthew A. Green*
                Matthew A. Green

4842-0671-3501